# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PERRY CHEMICAL CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Court No. 25-00795 |

## <u>COMPLAINT</u>

Plaintiff Perry Chemical Corporation ("Perry"), by and through counsel, and for its Complaint against Defendants, alleges as follows:

1.      Plaintiff is a U.S. importer of record who imported merchandise and paid the duties challenged in this action.

2.      As described in detail below, President Trump imposed the duties challenged in this action through a series of Executive Orders pursuant to the International Emergency Powers Act, 50 U.S.C. § 1701 et seq. ("IEEPA") ("IEEPA duties").

3.      IEEPA does not provide the President with such authority, as this Court and the Federal Circuit both have held.  *See V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025).  The United States Supreme Court held oral argument in the case on November 5, 2025.

4.      Perry brings this action asking the Court to rule, consistent with the decision in

*V.O.S. Selections, Inc.*, that the IEEPA duties are not lawful and that U.S. Customs and Border

Protection ("Customs") must refund the IEEPA duties Perry has paid, with interest.

## JURISDICTION

5.      This Court's jurisdiction arises under 28 U.S.C. § 1581(i) and 28 U.S.C.

§ 2631(i), and this action is filed within the time limits prescribed by 28 U.S.C. § 2636(i).

6.      Plaintiff has standing to bring this action because, like the plaintiffs in *V.O.S.*

*Selections, Inc.*, Perry is an importer of record of goods that are subject to IEEPA duties and

Perry has paid those duties.

## PARTIES

7.      Perry is a U.S. entity and the U.S. importer of record who has paid IEEPA duties.

8.      Perry is incorporated in the United States and its headquarters are located at 30-50

Whitestone Expressway, Flushing NY 11354, United States of America.

9.      Perry is a privately owned company with several shareholders who are individual

persons.

10.     Defendant Donald J. Trump is the President of the United States and is sued in his

official capacity.

11.     Defendant U.S. Department of Homeland Security is an agency of the U.S.

federal government.

12.     Defendant Kristi Noem is the Secretary of the U.S. Department of Homeland

Security and is sued in her official capacity.

13.     Defendant CBP is a constituent agency within the U.S. Department of Homeland

Security, headquartered in Washington, D.C. CBP is responsible for border security and

collecting tariffs or duties and taxes on goods imported into the United States.

14.    Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

15.    Defendant, United States, is the proper party for the decision taken by CBP, a constituent agency of the U.S. Department of Homeland Security and the party who received Plaintiff's payment of the disputed IEEPA duties.

## STANDING

16.    Plaintiff is the real party in interest because Perry is the U.S. importer of record who paid the challenged IEEPA duties. Plaintiff has and will continue to suffer economic injury as a result of having to pay the unlawful IEEPA duties. Like the plaintiffs in *V.O.S. Selections Inc.*, paying the unlawful IEEPA duties means Perry faces reduced cash flow, reduced levels of inventory and business, and an overall reduction in the placement of purchase orders from foreign and domestic suppliers, as well as customers. *V.O.S. Selections Inc.*, 772 F. Supp. 3d at 1375.

## TIMELINESS OF ACTION

17.    Plaintiff commenced this action by filing a summons and complaint within two years of the unlawful action. Thus, Plaintiff's action is timely filed pursuant to 28 U.S.C. § 2636(i) and USCIT Rules 3(a)(3).

## FACTUAL BACKGROUND

In the discussion below, Perry follows the same naming convention as the *V.O.S. Selections* court, referring to "trafficking tariffs" and "worldwide and retaliatory tariffs." *V.O.S. Selections Inc.*, 772 F. Supp.3d at 1362-64.

*The Trafficking Tariffs*

18.     On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China.  Each executive order was premised on IEEPA authorizing the tariffs, and for each set of tariffs President Trump claimed that they were justified under IEEPA because of a purported national emergency (the "Trafficking Tariffs").

19.     As to Mexico, the President issued Executive Order 14194, 90 Fed. Reg. 9117, *Imposing Duties To Address the Situation at Our Southern Border* ("Mexico Tariff Order"),[1] imposed an additional 25 percent tariff on the import of goods from Mexico.

20.     As to Canada, the President issued Executive Order 14193, 90 Fed. Reg. 9113, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border* ("Canada Tariff Order"),[2] imposed a 25% tariff, with certain exceptions.

21.     As to China, the President issued Executive Order 14195, 90 Fed. Reg. 9121, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China* ("China Tariff Order")[3] which initially imposed an additional 10% *ad valorem* tariff that was subsequently amended to 20%.[4]

*The Worldwide and Retaliatory Tariffs*

22.     In the wake of the initial wave of tariff actions detailed above, on April 2, 2025

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb. 7, 2025).
[2] Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113 (Feb. 7, 2025).
[3] Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9121 (Feb. 7, 2025).
[4] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025).  The President further amended the China Tariff Order.  Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11463 (Mar. 7, 2025).

President Trump issued Executive Order 14257, 90 Fed. Reg. 15041 (the "Worldwide and Retaliatory Tariffs"), *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits.*[5]  The Worldwide and Retaliatory Tariff Order imposed a 10% baseline tariff on nearly all imports to the United States, effective April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9.  *Id.* at Annex I.  These higher country-specific tariffs range from 11% to 50%.  *Id.*

23.     On April 8, 2025, the President responded to retaliatory tariffs from China by raising the reciprocal tariff rate 50 percentage points—from 34% to 84%. Exec. Order No. 14,259, 90 Fed. Reg. 15,509*, Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports from the People's Republic of China*.[6]

24.     The next day, the President suspended for 90 days the higher country-specific tariffs on all countries except for China, for which he raised the "reciprocal" tariff again—from 84% to 125%. Exec. Order No. 14,266, 90 Fed. Reg. 15,625 (Apr. 9, 2025), *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment*.[7]  Meanwhile, the 20% trafficking tariff on imports from China remained in place, such that most imports from China faced a minimum 145% IEEPA tariff.

25.     In implementing his Executive-Order-based tariff regime, the Defendant directed changes to the Harmonized Tariff Schedule of the United States, requiring that goods subject to the challenged tariffs to be entered under new tariff codes.

---

[5] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).
[6] Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15509 (Apr. 14, 2025).
[7] Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment* (Apr. 9, 2025) 90 Fed. Reg. 15625 (Apr. 15, 2025).

26.     On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, *et al. v. Donald J. Trump*, *et al.*, No. 25-cv-00066 (Dkt. 2). As discussed below, this Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed.

27.     In the months since the *V.O.S. Selections* complaint was filed, President Trump, invoking IEEPA, has issued additional executive orders imposing additional tariffs and modifying others. As the *V.O.S. Selections* court ruled, IEEPA does not authorize the President to impose tariffs. By this complaint, however, Plaintiff challenges only those orders the Federal Circuit has already held to be unlawful.

28.     As the U.S. importer of record of merchandise that is subject to the unlawful IEEPA duties, Perry has paid Worldwide and Retaliatory Tariffs on its imports from Taiwan, Thailand, and South Korea.  Perry has experienced a decline in sales, profitability, cash flow and an overall disruption to its business operations – all of which are the direct result of the IEEPA duties.

### STATEMENT OF THE CLAIMS

### COUNT I
(The IEEPA Duties Are Unlawful)

29.     Paragraphs 1 through 28 are adopted and incorporated by reference.

30.     The Court of International Trade in *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025), held that the President exceeded his authority under IEEPA when he imposed tariffs on imported goods.

31.     The Federal Circuit affirmed this Court's decision, holding that Congress did not clearly delegate to the President the authority to impose the challenged IEEPA duties.  149 F.4th

at 1337.

32.     Perry's action challenges the same IEEPA duties based on the same facts and law as those struck down in *V.O.S. Selections*. For the reasons set forth by this Court in *V.O.S. Selections*, as affirmed by the Federal Circuit, the IEEPA duties exceed the President's statutory authority, are unlawful, and are without effect as applied to Plaintiff.

33.     Perry respectfully requests that this Court follow the binding precedent of the Federal Circuit, declare the IEEPA duties unlawful as to Plaintiff, enjoin CBP from enforcing them as to Plaintiff, and order CBP to refund all IEEPA duties collected from Plaintiff, with interest as provided by law.

## <u>COUNT II</u>
### (The IEEPA Duties Are Unconstitutional)

34.     Paragraphs 1 through 33 are adopted and incorporated by reference.

35.     In the alternative, if the Court were to construe IEEPA as authorizing tariffs, the IEEPA duties must nevertheless be held unlawful because IEEPA in that event would constitute an impermissible delegation of legislative power from Congress to the President.

36.     The U.S. Constitution vests in Congress exclusively the power to "lay and collect . . . Duties."  U.S. CONST. art. I, § 8, cl. 1.

37.     Under separation-of-powers principles and binding precedent of the U.S. Supreme Court, Congress cannot delegate its power to the President unless, at the very least, it provides an intelligible principle that directs and meaningfully constrains the President's exercise of that power.  IEEPA does not do that.

38.     Perry therefore seeks a declaration that the IEEPA duties are unconstitutional as to Plaintiff, enjoin CBP from enforcing them as to Plaintiff, and order CBP to refund all IEEPA duties collected from Plaintiff, with interest as provided by law.

## COUNT III
(Declaratory Relief)

39.     Plaintiff incorporates paragraphs 1 through 38 above by reference.

40.     Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

41.     Perry's claims present an actual controversy as to the President's authority under IEEPA, the constitutionality of IEEPA, and the authority of CBP to implement and collect the resulting tariffs.

42.     Perry is an importer of record and has suffered injury by having been required to pay IEEPA duties on goods it has imported into the United States.

43.     Accordingly, this Court should follow its reasoning in *V.O.S. Selections* and exercise its equitable power to enter a declaratory judgment that the IEEPA duties are unlawful for any of the above reasons, and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiff.  772 F. Supp. 3d. at 1383-84, *aff'd*, 149 F.4th 1340.

## PRAYER FOR RELIEF

44.     WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Enter judgment in its favor; and declare that the President lacks authority under IEEPA to set tariffs; declare that the IEEPA tariffs are unlawful and void as applied to Plaintiff; declare that CBP lacks authority to implement and collect any tariffs based on the IEEPA tariffs; enjoin CBP from imposing and enforcing any tariffs based on the IEEPA tariffs; order the United States to refund all the IEEPA duties Plaintiff has paid, with interest; and

(2)     Award costs, attorneys' fees and other such relief as this Court deems just and proper.

Respectfully submitted,

/s/ Kelly A. Slater
Kelly A. Slater
Edmund W. Sim
APPLETON LUFF
1025 Connecticut Ave., NW
Suite 1000
Washington, DC 20036
(301) 649-2149

Counsel to Perry

Dated: December 19, 2025

| Executive Order Number | Federal Register Citation | FR Notice Date | Starting Page of FR Notice | Attachment 1 | |
|---|---|---|---|---|---|
| | | | | Title | History |
| 14193 | 90 FR 9113 | 2/7/2025 | 9113 | Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border | See: Proc. 10886, January 20, 2025; EO 14156, January 20, 2025; EO 14157, January 20, 2025; Memo. of January 20, 2025; EO 14197, February 3, 2025; EO 14231, March 6, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025; Proc. 10962, July 30, 2025; EO 14324, July 30, 2025; EO 14325, July 31, 2025 |
| 14194 | 90 FR 9117 | 2/7/2025 | 9117 | Imposing Duties To Address the Situation at Our Southern Border | See: Proc. 10886, January 20, 2025; EO 14198, February 3, 2025; EO 14232, March 6, 2025; EO 14324, July 30, 2025 <br> Amended by: EO 14227, March 2, 2025; EO 14289, April 29, 2025; Proc. 10962, July 30, 2025 |
| 14195 | 90 FR 9121 | 2/7/2025 | 9121 | Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China | See: Proc. 10886, January 20, 2025; EO 14157, January 20, 2025; Memo. of January 20, 2025; EO 14200, February 5, 2025; EO 14256, April 2, 2025; Proc. 10962, July 30, 2025; EO 14324, July 30, 2025 <br> Amended by: EO 14228, March 3, 2025 |
| 14197 | 90 FR 9183 | 2/10/2025 | 9183 | Progress on the Situation at Our Northern Border | See: EO 14193, February 1, 2025; EO 14227, March 2, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025 |
| 14198 | 90 FR 9185 | 2/10/2025 | 9185 | Progress on the Situation at Our Southern Border | See: EO 14194, February 1, 2025; EO 14227, March 2, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025 |
| 14200 | 90 FR 9277 | 2/11/2025 | 9277 | Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China | See: EO 14195, February 1, 2025; EO 14228, March 3, 2025; EO 14256, April 2, 2025; EO 14324, July 30, 2025 |
| 14226 | 90 FR 11369 | 3/6/2025 | 11369 | Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border | See: EO 14197, February 3, 2025; EO 14289, April 29, 2025; EO 14324, July 30, 2025 <br> Amends: EO 14193, February 1, 2025 |
| 14227 | 90 FR 11371 | 3/6/2025 | 11371 | Amendment to Duties To Address the Situation at Our Southern Border | See: EO 14198, February 3, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025; EO 14324, July 30, 2025 <br> Amends: EO 14194, February 1, 2025 |
| 14228 | 90 FR 11463 | 3/7/2025 | 11463 | Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China | See: EO 14200, February 5, 2025; EO 14256, April 2, 2025 <br> Amends: EO 14195, February 1, 2025 |
| 14231 | 90 FR 11785 | 3/11/2025 | 11785 | Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border | See: EO 14193, February 1, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025 |
| 14232 | 90 FR 11787 | 3/11/2025 | 11787 | Amendment to Duties To Address the Flow of Illicit Drugs Across Our Southern Border | See: EO 14194, February 1, 2025; EO 14289, April 29, 2025 |
| 14256 | 90 FR 14899 | 4/7/2025 | 14899 | Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China as Applied to Low-Value Imports | See: EO 14195, February 1, 2025; EO 14200, February 5, 2025; EO 14228, March 3, 2025; EO 14257, April 2, 2025; EO 14259, April 8, 2025 <br> Superseded by: EO 14324, July 30, 2025 (in part) |
| 14257 | 90 FR 15041 | 4/7/2025 | 15041 | Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits | See: Proc. 9704, March 8, 2018; Proc. 9705, March 8, 2018; Proc. 9980, January 24, 2020; Memo. of January 20, 2025; EO 14193, February 1, 2025; EO 14194, February 1, 2025; EO 14197, February 3, 2025; EO 14198, February 3, 2025; Proc. 10895, February 10, 2025; Proc. 10896, February 10, 2025; Memo. of February 13, 2025; EO 14227, March 2, 2025; EO 14231, March 2, 2025; Proc. 10908, March 26, 2025; EO 14256, April 2, 2025; EO 14259, April 8, 2025; EO 14266, April 9, 2025; EO 14298, May 12, 2025; EO 14309, June 16, 2025; EO 14316, July 7, 2025; Proc. 10962, July 30, 2025; EO 14323, July 30, 2025; EO 14324, July 30, 2025; EO 14326, July 31, 2025; EO 14329, August 6, 2025; EO 14334, August 11, 2025; EO 14345, September 4, 2025; EO 14346, September 5, 2025; Proc. 10976, September 29, 2025; EO 14360, November 14, 2025 |
| 14259 | 90 FR 15509 | 4/14/2025 | 15509 | Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports From the People's Republic of China | See: EO 14256, April 2, 2025; EO 14257, April 2, 2025; EO 14298, May 12, 2025; EO 14334, August 11, 2025 |
| 14266 | 90 FR 15625 | 4/15/2025 | 15625 | Modifying Reciprocal Tariff Rates To Reflect Trading Partner Retaliation and Alignment | See: EO 14257, April 2, 2025; EO 14259, April 8, 2025; EO 14298, May 12, 2025; EO 14316, July 7, 2025; EO 14334, August 11, 2025 |
| 14289 | 90 FR 18907 | 5/2/2025 | 18907 | Addressing Certain Tariffs on Imported Articles | See: Proc. 9704, March 8, 2018; Proc. 9705, March 8, 2018; Proc. 9980, January 24, 2020; EO 14193, February 1, 2025; EO 14194, February 1, 2025; EO 14197, February 3, 2025; EO 14198, February 3, 2025; Proc. 10895, February 10, 2025; Proc. 10896, February 10, 2025; EO 14226, March 2, 2025; EO 14227, March 2, 2025; EO 14231, March 6, 2025; EO 14232, March 6, 2025; Proc. 10908, March 26, 2025; EO 14324, July 30, 2025; See: EO 14325, July 31, 2025; Proc. 10976, September 29, 2025; Proc. 10984, October 17, 2025 <br> Amended by: Proc. 10947, June 3, 2025 |
| 14298 | 90 FR 21831 | 5/21/2025 | 21831 | Modifying Reciprocal Tariff Rates To Reflect Discussions With the People's Republic of China | See: EO 14257, April 2, 2025; EO 14259, April 8, 2025; EO 14266, April 9, 2025; Memo. of April 11, 2025; EO 14316, July 7, 2025; EO 14326, July 31, 2025; EO 14334, August 11, 2025 |
| 14316 | 90 FR 30823 | 7/10/2025 | 30823 | Extending the Modification of the Reciprocal Tariff Rates | See: EO 14257, April 2, 2025; EO 14266, April 9, 2025; EO 14298, May 12, 2025 |

| 14324 | 90 FR 37775 | 8/5/2025 | 37775 | Suspending Duty-Free De Minimis Treatment for All Countries | Supersedes: EO 14256, April 2, 2025 (in part) See: EO 14193, February 1, 2025; EO 14194, EO 14195, February 1, 2025; February 1, 2025; EO 14200, February 5, 2025; EO 14226, March 2, 2025; EO 14227, March 2, 2025; EO 14257, April 2, 2025; EO 14289, April 29, 2025 |
| 14325 | 90 FR 37957 | 8/6/2025 | 37957 | Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border | See: EO 14193, February 1, 2025; EO 14289, April 29, 2025 |
| 14326 | 90 FR 37963 | 8/6/2025 | 37963 | Further Modifying the Reciprocal Tariff Rates | See: EO 14257, April 2, 2025; EO 14298, May 12, 2025; EO 14345, September 4, 2025; EO 14346, September 5, 2025 |
| 14334 | 90 FR 39305 | 8/14/2025 | 39305 | Further Modifying Reciprocal Tariff Rates To Reflect Ongoing Discussions With the People's Republic of China | See: EO 14257, April 2, 2025; EO 14259, April 8, 2025; EO 14266, April 9, 2025; EO 14298, May 12, 2025 |
| 14357 | 90 FR 50725 | 11/7/2025 | 50725 | Modifying Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China | |